UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SEBASTIAN PABLO ALBERTO,

Petitioner,

v.

WARDEN, Imperial Regional Detention Facility,

Respondent.

Case No.: 3:26-cv-2489-JES-BLM

**ORDER FOR BOND HEARING**

**[ECF No. 1]**

Before the Court is Petitioner Sebastian Pablo Alberto's ("Petitioner") Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1, ("Pet."). Petitioner is currently detained by Respondents at the Imperial Regional Detention Facility. Pet. at 1–2. Petitioner asserts that he is not a flight risk, poses no danger to the community, and has a verified sponsor and stable housing available upon release. Pet. at 1; *see* ECF No. 1-2 at 1-4. In filing this action, he seeks habeas relief from the Court and challenges the legality of his continued detention under the Due Process Clause of the Fifth Amendment. Pet. at 1.

Pursuant to the Court's Order to Show Cause (ECF No. 2), Respondents (the "Government") filed the Return. ECF No. 4, ("Ret."). In its Response, the Government maintains that Section 1225(b)(2) governs Petitioner's detention but does not oppose the Petition and defers to the Court to determine the appropriate relief. *Id*. at 2-3.

1

## I.   DISCUSSION

The Court finds that the issues implicated in this Petition issues—specifically, which noncitizen detention statute applies to Petitioner—are analogous to those raised in the Court's decision in *Aparicio Juan v. LaRose*, No. 3:26-CV-2099-JES-BJW, 2026 WL 1018635, at *1-3 (S.D. Cal. Apr. 15, 2026), and *Velazquez-Beltran v. Noem*, No. 3:26-CV-959-JES-MSB, 2026 WL 524056, at *2-3 (S.D. Cal. Feb. 25, 2026). The Court, therefore, elects to follow the reasoning stated therein and incorporates it by reference. *Aparicio Juan*, 2026 WL 1018635, at *1-3; *Velazquez-Beltran*, 2026 WL 524056, at *2-3.

### A.   Jurisdiction

While the Government does not contest the Court's jurisdiction, the Court finds it prudent to ensure it may hear this Petition. *See generally* Ret. Petitioner, here, is challenging the conditions and duration of his detention, not the decision to commence or carry out removal proceedings. Pet. at 6-12. Accordingly, the Court finds that Section 1252's jurisdiction stripping provisions do not bar this Court from considering Petitioner's claims. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018). Thus, the Court holds that it has jurisdiction over this Petition. *See Martinez Lopez v. Noem et al.*, No. 25–cv–2717–JES–AHG, 2025 WL 3030457, at *2–3 (S.D. Cal. Oct. 30, 2025).

### B.   Request for Supplemental Briefing

The Petition's exhibits indicate that Petitioner was ordered removed on March 7, 2024. Pet. 1-2 at 5-6. On April 7, 2024, Petitioner appealed this decision, to the Board of Immigration Appeals, and his appeal is currently pending. *Id*. The Court assumes that these events took place while Petitioner was detained because the parties' papers fail to inform the Court of the circumstances surrounding how or when Petitioner was first detained. *See generally* Pet.; *see generally* Ret. Such information is necessary for the Court to determine which noncitizen detention statute (i.e., 8 U.S.C. §§ 1225(b)(2)(A) or 1226(a)) governs Petitioner's detention. Despite Respondents' non-opposing stance, since the applicable detention statute also governs the standard and procedures an immigration judge uses to conduct a bond hearing, the Court is unable to rule on this Petition, on this record.

Accordingly, the Court **ORDERS** Respondents to **FILE** a Status Report by **May 6, 2026**, which shall contain information to sufficiently answer the following questions:

(1)  When did Petitioner last enter the United States, and what were the surrounding circumstances of this entry?

(2)  Where and when was Petition apprehended by Respondents?

(3)  Has Petitioner ever been granted any immigration status prior to his most recent detention?

**IT IS SO ORDERED.**

Dated: May 4, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

3:26-cv-2489-JES-BLM