UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN PABLO ALBERTO, Petitioner, v. WARDEN, Imperial Regional Detention Facility, Respondent. | Case No.: 3:26-cv-02489-JES-BLM **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** **[ECF No. 1]** |

Before the Court is Petitioner Sebastian Pablo Alberto's ("Petitioner") Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1 ("Pet."). Pursuant to the Court's Order to Show Cause (ECF No. 2), Respondents (the "Government") filed the Return. ECF No. 4 ("Ret."). In the Return, the Government maintains that Section 1225(b)(2) governs Petitioner's detention but does not oppose the Petition and defers to the Court to determine the appropriate relief. *Id*. at 2-3. The Court ordered supplemental briefing on the "circumstances surrounding how or when Petitioner was first detained … to determine which noncitizen detention statute (i.e., 8 U.S.C. §§ 1225(b)(2)(A) or 1226(a)) governs Petitioner's detention." ECF No. 6 at 2.

The Government filed a status report indicating that Petitioner last entered the United States on March 7, 2019, and was issued a Notice to Appear ("NTA") on March 10, 2019. ECF No. 8 at 2. On March 11, 2019, Petitioner was released on an Order of Release on

Recognizance ("OREC"). ECF No. 8-1 at 17-18. A superseding NTA was filed on April 24, 2019. *Id.* at 7-10. On March 7, 2024, an Immigration Judge denied all claims for relief and ordered Petitioner removed to Guatemala. *Id.* at 12-15. On April 7, 2025, Petitioner was subsequently detained at a check-in appointment. ECF No. 8 at 2.

In their status update, Respondents acknowledge that Petitioner had previously been released on OREC. *See* ECF No. 8 at 2. Further, in their Return, Respondents acknowledge that "this Court's prior decisions will control the result here if the Court adheres to its prior decisions, as the facts are not materially distinguishable for purposes of the Court's decision" and that they "defer[] to the Court on the appropriate relief." ECF No. 4 at 2-3.

In light of the Government's statements, the Court will decline to engage in a full analysis of the claims as well. Petitioner was released on OREC in March 2019. Many courts, including this one, have repeatedly held that a prior grant of release raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g., Totskii v. LaRose*, No. 26-CV-1053-JES-JLB, 2026 WL 905331 (S.D. Cal. Apr. 2, 2026); *Isoev v. Larose*, No. 26-CV-1361-JES-DDL, 2026 WL 776308 (S.D. Cal. Mar. 19, 2026). Accordingly, the Court adopts its reasoning and finds that due process requires release of Petitioner here.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. The Government is **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his prior release that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **July 31, 2026**, confirming that Petitioner has been released.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: July 24, 2026

Honorable James E. Simmons Jr.
United States District Judge